REQUESTED BY: Ron Lahners, Lancaster County Attorney, Lincoln, Nebraska.
May a county through an interlocal cooperation agreement with a city create an advisory commission on the status of women and obligate county funds to support it?
No.
A proposed agreement between the County of Lancaster and the City of Lincoln would establish a Lincoln-Lancaster Commission on the Status of Women to advise the Mayor, City Council and County Board on the existence of social, economic and legal barriers preventing women from choosing their present and future roles in family, labor force, and society in general, on means and methods of eliminating such barriers and on progress made in the elimination of such barriers. Both the city and the county would separately approve a budget for the commission for each year the agreement was in effect.
Both a county and a city are public agencies as defined in section 23-2203, R.R.S. 1943, of the Interlocal Cooperation Act. Under section 23-2204, R.R.S. 1943, of that act, any power capable of exercise by such an agency may be exercised jointly with any other public agency having such power.
A county has only such powers as are expressly granted by the Legislature together with such implied powers as are required, to execute such express powers. Sections 23-104, Laws 1979, LB 187, and 23-336, R.R.S. 1943, and Speer v.Kratzenstein, 143 Neb. 300 as vacated and reversed by143 Neb. 310, 12 N.W.2d 360 (1943).
The county has no express authority to create a county commission on the status of women. It does have express authority under section 23-104.03, R.R.S. 1943, to plan, initiate, fund, maintain, administer, and evaluate facilities, programs, and services that meet the rehabilitation, treatment, care, training, education, residential, diagnostic, evaluation, community supervision, and protective service needs of dependent, aged, blind, disabled, ill, infirm, mentally ill, or mentally retarded persons domiciled in the county and to enter compacts with other political subdivisions to do so. It does have express authority under section 23-2701(1)(g), R.S.Supp., 1978, to use federal revenue sharing funds and other available resources for any purpose for which other revenue may be lawfully expended, including social services as defined in section 68-1202. Such social services include mandatory and optional services for former, present or potential welfare recipients. They may include home management and other functional education services and educational services.
Under Laws 1979, LB 67, governmental agencies created by the state may be sued upon claims arising under the Nebraska Fair Employment Practice Act. Thus the county may have implied authority to address unlawful employment practices listed in section 48-1104, R.S.Supp., 1978, based on the individual's race, color, religion, sex, disability, marital status or national origin.
A woman may be included in any of the classes singled out for special care by the county in sections 23-104.03 and23-2701(1)(g); so may a man. A woman may be the person discriminated against under section 48-1104; so may a man.
We have concluded that the county has neither express nor implied authority under the above statutes to create and fund a commission to address only the needs of the women coming within these protected classes and not limited to the women in these protected classes.